IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOYCE OLMO,<br><br>                    Plaintiff,<br><br>vs.<br><br>TRIWEST HEALTHCARE ALLIANCE<br>CORP., et al.,<br>                    Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 1:12-cv-258<br>Judge Tena Campbell |

## I.  BACKGROUND

After suffering injuries due to an allegedly faulty wheelchair, Plaintiff Joyce Olmo filed a

lawsuit in Utah state court against Defendant TriWest Healthcare Alliance Corporation

(TriWest), Defendant Invacare HCS (Invacare), and Intermountain Health Care (IHC).  TriWest

is a private corporation, but it acts as the regional administrator of health benefits on behalf of the

United States Department of Defense (DOD).[1]  TriWest removed this case to federal court,

claiming jurisdiction under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1) (2006).

Ms. Olmo objects, and has filed a Motion to Remand the case to state court, arguing this court

lacks removal jurisdiction, or alternatively, that this court should not exercise supplemental

jurisdiction over the state claims or non-federal Defendants (Docket No. 4).[2]

---

[1] In 1995, the DOD established TRICARE, a managed health care program covering
armed forces members and their dependents.  The DOD then contracted with various
private corporations to financially underwrite and manage the provision of healthcare services to
TRICARE beneficiaries.  TriWest is one of those corporations, and currently manages and
administers TRICARE benefits for the Western region of the United States.

[2] Ms. Olmo also moves for leave to amend her Complaint under Fed. R. Civ. P. 15.
Because she has not complied with the rules for requesting such leave, see, e.g., DUCiv 15-1, the
court will deny without prejudice Ms. Olmo's Motion for Leave to Amend.

For the reasons noted below, the court concludes that it has jurisdiction because TriWest meets the requirements of § 1442(a)(1).  Moreover, the court concludes that exercising supplemental jurisdiction is warranted in this case.  The court will therefore deny Ms. Olmo's Motion to Remand.

## II.  ANALYSIS

### A.  Removal Jurisdiction

A civil action commenced in state court may be removed to federal court if it is against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ."  28 U.S.C. § 1442(a)(1) (2006) (emphasis added).[3] "The words 'acting under' are broad, and the [United States Supreme Court] has made clear that the statute must be 'liberally construed.'"  Watson v. Phillip Morris Cos., Inc., 551 U.S. 142, 147 (2007) (quoting Colorado v. Symes, 286 U.S. 510, 517 (1932)).  One of the primary reasons persons acting under color of federal office are given the right of removal is to allow a federal court to determine the validity of an asserted official immunity defense.  Arizona v. Manypenny, 451 U.S. 232, 242 (1998).

For a private corporation to remove a case to federal court under § 1442(a)(1), it has the burden to "show: (1) that it acted under the direction of a federal officer; (2) that there is a causal

---

[3] Although TriWest is a corporate entity, it is a "person" within the meaning of the statute.  See 1 U.S.C. § 1 (2006) ("In determining the meaning of any Act of Congress, unless the context indicates otherwise . . . the words "person" and "whoever" include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals; . . . .").

2

nexus between the plaintiff's claims and the acts the private corporation performed under the federal officer's direction; and (3) that there is a colorable federal defense to the plaintiff's claims." Greene v. Citigroup, Inc., 215 F.3d 1336 (10th Cir. 2000).

TriWest has met these requirements.  First, under the DOD's direction, TriWest administers health care benefits for TRICARE's beneficiaries in the western United States. TriWest is subject to the control and guidance of the DOD, and must comply with the federal laws and regulations that govern TRICARE benefits.  See 10 U.S.C. § 1071–1110b (2006); 32 C.F.R. § 199.1 (2012).  Second, the claims made against TriWest are directly connected to its provision of medical benefits to Ms. Olmo under TRICARE.  Ms. Olmo's injuries arose from the allegedly defective wheelchair that was provided to her pursuant to her medical benefits under TRICARE.  And third, TriWest claims it is immune from liability because it was acting pursuant to its government contract to administer the TRICARE medical benefits program.  Without deciding the merits of the immunity defense, the court deems TriWest's assertion sufficiently colorable for § 1442 removal purposes.

**B.  Supplemental Jurisdiction**

Federal district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a) (2006).  "A claim is part of the same case or controversy if it 'derives from a common nucleus of operative fact.'"  Price v. Wolford, 608 F.3d 698, 702–03 (10th Cir. 2010) (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997)).

Here, the common nucleus of operative fact revolves around a defective wheelchair.  Ms.

Olmo alleges that Invacare manufactured the defective wheelchair, that TriWest provided the defective wheelchair, and that IHC failed to repair the defective wheelchair.  The state claims against the non-Federal defendants are so related to the claims against TriWest that they are essentially the same controversy.  And by hearing all the claims against the Defendants, the court will prevent inconsistent judgments and conserve judicial resources.  In this case, supplemental jurisdiction is warranted.

### III.  CONCLUSION

For the foregoing reasons, Ms. Olmo's Motion to Remand (Docket No. 4) is DENIED, and Ms. Olmo's Motion for Leave to Amend (Docket No. 4) is DENIED WITHOUT PREJUDICE.

SO ORDERED this 19th day of February, 2013.

BY THE COURT:

TENA CAMPBELL
United States District Judge